UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LAURA GANZERO, RACHELLE : 
HEMMING, and MARCIA JOHNSON on : Civil Action No.: 07 CIV 5940 (DAB)
behalf of themselves and others similarly :
situated, : **ANSWER**
 :
            Plaintiffs, :
 :
    - against - :
 :
BENSUSAN RESTAURANT CORP., d/b/a :
BLUE NOTE JAZZ CLUB, STEVE :
BENSUSAN, and DANNY BENSUSAN, :
 :
            Defendants. :
 :
------------------------------------------------------------x

Defendants, Bensusan Restaurant Corp. d/b/a Blue Note Jazz Club ("Blue Note"), Steve Bensusan and Danny Bensusan (collectively, "Defendants"), by and through their attorneys, Heller Ehrman LLP, answer the Amended Complaint ("Complaint") herein as follows:

1. Defendants deny each and every allegation set forth in paragraph 1 of the Complaint, and aver that Laura Ganzero, Rachelle Hemming and Marcia Johnson (collectively, "Plaintiffs"), purport to bring this action on behalf of themselves and all others similarly situated.

**JURISDICTION AND VENUE**

2. Defendants aver that the allegations set forth in paragraph 2 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 2 of the Complaint contains factual allegations, Defendants deny each and every allegation.

3. Defendants aver that the allegations set forth in paragraph 3 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the

extent that paragraph 3 of the Complaint contains factual allegations, Defendants deny each and every allegation, except admit that Blue Note is incorporated in the State of New York and that its principal place of business is within the geographic territory covered by this Court.

## PARTIES

4. Defendants admit the allegations set forth in paragraph 4 of the Complaint.

5. Defendants deny each and every allegation set forth in paragraph 5 of the Complaint.

6. Defendants aver that the allegations set forth in paragraph 6 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 6 of the Complaint contains factual allegations, Defendants deny each and every allegation.

7. Defendants deny each and every allegation set forth in paragraph 7 of the Complaint, and aver that Plaintiffs purport to refer to Blue Note, Steve Bensusan and Danny Bensusan collectively as "Defendants" throughout the Complaint.

8. Defendants deny each and every allegation set forth in paragraph 8 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9. Defendants deny each and every allegation set forth in paragraph 9 of the Complaint, and aver that Plaintiffs purport to bring the First and Second Claims for Relief as a collective action pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §216(b) on behalf of all non exempt persons employed by Defendants as servers within the three year period immediately prior to the date Plaintiffs filed the Complaint and that Plaintiffs purport to refer to such individuals throughout the Complaint as "FLSA Collective Plaintiffs."

10. Defendants deny each and every allegation set forth in paragraph 10 of the Complaint.

11. Defendants aver that the allegations set forth in paragraph 11 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 11 of the Complaint contains factual allegations, Defendants deny each and every allegation.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

12. Defendants deny each and every allegation set forth in paragraph 12 of the Complaint, and aver that Plaintiffs purport to bring the Third, Fourth, Fifth and Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure Rule 23 on behalf of all non exempt persons employed by Defendants as servers within the six year period immediately prior to the date Plaintiffs filed the Complaint and that Plaintiffs purport to define such period as the "Class Period."

13. Defendants aver that the allegations set forth in paragraph 13 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 13 of the Complaint contains factual allegations, Defendants deny each and every allegation, and aver that Blue Note maintained all appropriate records in accordance with applicable laws.

14. Defendants aver that the allegations set forth in paragraph 14 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 14 of the Complaint contains factual allegations, Defendants deny each and every allegation.

15. Defendants aver that the allegations set forth in paragraph 15 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 15 of the Complaint contains factual allegations, Defendants deny each and every allegation.

16. Defendants aver that the allegations set forth in paragraph 16 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 16 of the Complaint contains factual allegations, Defendants deny each and every allegation, except that Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint regarding the experience and competency of Plaintiffs' attorneys.

17. Defendants aver that the allegations set forth in paragraph 17 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 17 of the Complaint contains factual allegations, Defendants deny each and every allegation.

18. Defendants deny each and every allegation set forth in paragraph 18 of the Complaint.

19. Defendants aver that the allegations set forth in paragraph 19 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 19 of the Complaint contains factual allegations, Defendants deny each and every allegation.

## FACTS

20. Defendants deny each and every allegation set forth in paragraph 20 of the Complaint.

21. Defendants deny each and every allegation set forth in paragraph 21 of the Complaint.

22. Defendants deny each and every allegation set forth in paragraph 22 of the Complaint.

23. Defendants deny each and every allegation set forth in paragraph 23 of the Complaint.

24. Defendants deny each and every allegation set forth in paragraph 24 of the Complaint.

25. Defendants aver that the allegations set forth in paragraph 25 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 25 of the Complaint contains factual allegations, Defendants deny each and every allegation.

26. Defendants deny each and every allegation set forth in paragraph 26 of the Complaint.

27. Defendants deny each and every allegation set forth in paragraph 27 of the Complaint.

28. Defendants deny each and every allegation set forth in paragraph 28 of the Complaint.

29. Defendants deny each and every allegation set forth in paragraph 29 of the Complaint.

30. Defendants deny each and every allegation set forth in paragraph 30 of the Complaint.

31. Defendants deny each and every allegation set forth in paragraph 31 of the Complaint.

32. Defendants deny each and every allegation set forth in paragraph 32 of the Complaint.

**FIRST CLAIM FOR RELIEF**
(FLSA Minimum Wage and Record Keeping
Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)

33. Defendants incorporate the responses made to paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. Defendants aver that the allegations set forth in paragraph 34 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 34 of the Complaint contains factual allegations, Defendants deny each and every allegation.

35. Defendants deny each and every allegation set forth in paragraph 35 of the Complaint.

36. Defendants deny each and every allegation set forth in paragraph 36 of the Complaint.

37. Defendants deny each and every allegation set forth in paragraph 37 of the Complaint.

38. Defendants deny each and every allegation set forth in paragraph 38 of the Complaint, and aver that Plaintiffs purport to seek damages on behalf of themselves and the FLSA Collective Plaintiffs.

**SECOND CLAIM FOR RELIEF**
(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiff on Behalf of Themselves
and the FLSA Collective Plaintiffs)

39. Defendants incorporate the responses made to paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. Defendants deny each and every allegation set forth in paragraph 40 of the Complaint.

41. Defendants deny each and every allegation set forth in paragraph 41 of the Complaint.

42. Defendants deny each and every allegation set forth in paragraph 42 of the Complaint.

43. Defendants deny each and every allegation set forth in paragraph 43 of the Complaint, and aver that Plaintiffs purport to seek damages on behalf of themselves and the FLSA Collective Plaintiffs.

**THIRD CLAIM FOR RELIEF**
(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*
Brought by Plaintiffs on Behalf of
Themselves and the Class)

44. Defendants incorporate the responses made to paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. Defendants deny each and every allegation set forth in paragraph 45 of the Complaint.

46. Defendants deny each and every allegation set forth in paragraph 46 of the Complaint.

47.     Defendants deny each and every allegation set forth in paragraph 47 of the Complaint, and aver that Plaintiffs purportedly do not seek liquidated damages for this claim.

## FOURTH CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*
### Brought by Plaintiffs on Behalf of
### Themselves and the Class)

48.     Defendants incorporate the responses made to paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49.     Defendants aver that the allegations set forth in paragraph 49 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 49 of the Complaint contains factual allegations, Defendants deny each and every allegation.

50.     Defendants deny each and every allegation set forth in paragraph 50 of the Complaint.

51.     Defendants deny each and every allegation set forth in paragraph 51 of the Complaint.

52.     Defendants deny each and every allegation set forth in paragraph 52 of the Complaint, and aver that Plaintiffs purportedly do not seek liquidated damages for this claim.

## FIFTH CLAIM FOR RELIEF
### (New York Spread of Hours Provisions,
### N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7
### Brought by Plaintiffs on Behalf of
### Themselves and the Class)

53.     Defendants incorporate the responses made to paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54.     Defendants deny each and every allegation set forth in paragraph 54 of the Complaint.

55. Defendants deny each and every allegation set forth in paragraph 55 of the Complaint.

56. Defendants deny each and every allegation set forth in paragraph 56 of the Complaint.

57. Defendants deny each and every allegation set forth in paragraph 57 of the Complaint, and aver that Plaintiffs purportedly do not seek liquidated damages for this claim.

### SIXTH CLAIM FOR RELIEF
### (Illegal Pay Deductions and Deductions from Gratuities, N.Y. Lab. L. § § 193, 196-d and 198-b) Brought by Plaintiffs on Behalf of Themselves and the Class)

58. Defendants incorporate the responses made to paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59. Defendants deny each and every allegation set forth in paragraph 59 of the Complaint.

60. Defendants deny each and every allegation set forth in paragraph 60 of the Complaint.

61. Defendants deny each and every allegation set forth in paragraph 61 of the Complaint.

62. Defendants deny each and every allegation set forth in paragraph 62 of the Complaint, and aver that Plaintiffs purportedly do not seek liquidated damages for this claim.

### PRAYER FOR RELIEF

63. Defendants deny each and every allegation set forth in the "Wherefore" clause of the Complaint and deny that Plaintiffs are entitled to any relief.

## FIRST AFFIRMATIVE DEFENSE

64. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

65. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

66. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

67. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

68. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

69. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

70. Plaintiffs' claims are barred by reason of accord and satisfaction.

## EIGHTH AFFIRMATIVE DEFENSE

71. Plaintiffs and others who are purportedly similarly situated to Plaintiffs have failed to mitigate their damages, if any.

### NINTH AFFIRMATIVE DEFENSE

72. Defendants' alleged acts or omissions, if any, were in good faith and with the reasonable belief that the alleged acts or omissions, if any, were not a violation of any applicable law.

### TENTH AFFIRMATIVE DEFENSE

73. Steve Bensusan cannot be individually liable for Plaintiffs' claims against him.

### ELEVENTH AFFIRMATIVE DEFENSE

74. Danny Bensusan cannot be individually liable for Plaintiffs' claims against him.

### TWELFTH AFFIRMATIVE DEFENSE

75. Plaintiffs have failed to state facts sufficient to constitute claims for punitive damages and/or statutory penalties because defendants acted, at all times, in good faith.

### THIRTEENTH AFFIRMATIVE DEFENSE

76. Plaintiffs' Fair Labor Standards Act collective action and their Fed. R. Civ. P. 23 class action are procedurally irreconcilable and inherently incompatible.

**WHEREFORE**, Defendants, Bensusan Restaurant Corp. d/b/a Blue Note Jazz Club, Steve Bensusan and Danny Bensusan seek judgment against Plaintiffs:

(a) Dismissing the entire complaint against them with prejudice;

(b) Awarding Defendants their costs and disbursements associated with this action, including reasonable attorneys' fees; and

(c)     Awarding Defendants such other and further relief as this Court deems just and proper.

DATED: New York, New York          HELLER EHRMAN LLP
       August 10, 2007

                                   By: /s/ Jonathan Stoler
                                       Jonathan Stoler (JS-7494)
                                       Kenneth Kirschner (KK-0252)
                                       Eric Raphan (ER-8339)

                                       7 Times Square
                                       New York, NY 10036
                                       Telephone: (212) 832-8300
                                       Facsimile: (212) 763-7600
                                       Attorneys for Defendants