UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                                                                  :

LAURA GANZERO, RACHELLE             :
HEMMING, and MARCIA JOHNSON on    :   Civil Action No.: 07 CIV 5940 (DAB)
behalf of themselves and others similarly    :
situated,                                            :
                                                                                            :
                        Plaintiffs,                :
                                                           :
    - against -                                      :
                                                           :
BENSUSAN RESTAURANT CORP., d/b/a   :
BLUE NOTE JAZZ CLUB, STEVE          :
BENSUSAN, and DANNY BENSUSAN,    :
                                                           :
                        Defendants.              :
                                                                     :
------------------------------------------------------------x

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

TO:       All current or former employees of Bensusan Restaurant Corp. d/b/a Blue Note Jazz Club, Steve Bensusan and/or Danny Bensusan who were employed at any time between June 22, 2001 and [Insert Date of Preliminary Approval] as servers.

    If you are or were employed as a server by Bensusan Restaurant Corp. d/b/a Blue Note Jazz Club, Steve Bensusan and/or Danny Bensusan at any time from June 22, 2001 to [Insert Date of Preliminary Approval] (the "Recovery Period"), please read this Notice carefully. It contains important information about your rights concerning the class action settlement described below.

    This Notice explains the nature of the lawsuit and the terms of the settlement, and informs you of your legal rights and obligations. This Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the parties.

    **1. Description of the Lawsuit**

    Laura Ganzero filed this putative class/collective action on behalf of herself and others similarly situated, against Defendants in the United States District Court for the Southern District of New York, Civil Action No. 07 CIV 5940 (DAB) on or about June 22, 2007. On July 10, 2007, Ms. Ganzero, together with Ms. Hemming and Ms. Johnson (collectively referred to herein as the "Named Plaintiffs"), filed an Amended Complaint

in which they asserted the following six claims for relief: (1) failure to pay minimum wage and keep appropriate records under the Fair Labor Standards Act ("FLSA"); (2) failure to pay overtime under the FLSA; (3) failure to pay minimum wage under the New York State Minimum Wage Act ("NYSMWA"); (4) failure to pay overtime under the NYSMWA; (5) failure to pay spread of hours under the New York Labor Law and the New York Codes, Rules and Regulations; and (6) illegal deductions from gratuities under the New York Labor Law (all claims collectively referred to herein as the "Lawsuit").

Defendants have denied and continue to deny any liability or wrongdoing, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit. To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, however, and without admitting that minimum wage and/or overtime wages were not properly paid to all employees, or that they made illegal deductions from employees' pay and/or tips, Defendants have concluded that it is in their best interests to resolve and settle the Lawsuit by entering into a settlement agreement (the "Agreement").

The Lawsuit is presently before the Hon. Deborah A. Batts, United States District Court, Southern District of New York. Judge Batts has not made any decision on the merits. However, on [Insert Date of Preliminary Approval], the Court conditionally certified this matter as a class action and granted preliminary approval of the settlement, subject to a fairness hearing which will take place on _____, 2008.

**2. Class Definitions**

This settlement is for the benefit of the settlement class. The class is defined as the class persons employed by Defendants as servers, including the Named Plaintiffs, at any time between June 22, 2001 and [Insert Date of Preliminary Approval]. A member of the Class, including any and all representatives, heirs, administrators, executors and beneficiaries, is a "Class Member." A list of Class Members that is currently available is a confidential document that the parties have exchanged but, in order to preserve the confidentiality of certain personal information, are not filing with the Court.

**3. Class Counsel**

Charles Joseph, Esq.
Maimon Kirschenbaum, Esq.
Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 688-5640
Fax: (212) 688-2548

Eric Kingsley, Esq.
Kingsley and Kingsley
16133 Venture Blvd., Suite 1200

Encino, CA 91436
Telephone: (888) 500-8469
Fax: (818) 990-2903

**4.  The Proposed Settlement**

This settlement was reached in December 2007, and resulted from extensive and vigorously contested negotiations on the part of Class Counsel and Defendants' counsel, all of whom have substantial experience in litigating class actions involving similar claims.  This Lawsuit has been vigorously contested from its inception and only after several negotiating sessions among counsel for the parties, were the parties able to resolve all the issues and agree upon the settlement, subject to approval of the Court.

Plaintiffs and Defendants have agreed to the settlement summarized below.  The complete terms and conditions of the proposed settlement are on file with the Clerk of Court at the address listed below in Section 7.  The parties' obligations under the settlement agreement will not become effective unless and until it receives final court approval, including the exhaustion of any appeals.

a.  *Relief to the Class*

The proposed settlement provides that Defendants shall pay a total "Settlement Amount" of $64,000, which includes Plaintiffs' counsel's attorneys' fees, costs, and expenses, and Incentive Awards to certain plaintiffs totaling $4,000, subject to Court approval.  The remaining amount is the "Class Fund".   The Class Fund equals at least $38,434.  Each Class Member who does not opt-out of the Lawsuit ("Qualified Class Members") will receive, in accordance with the terms of the parties' Settlement Agreement and Release, an Individual Settlement Amount (less applicable payroll deductions).  Defendants possess records ("Defendants' Records") which illustrate the amount of hours worked by each Class Member throughout the Recovery Period, and, in turn, the approximate amount of money each Class Member could potentially be owed if he/she prevailed in this Litigation.  Defendant's Records have been exchanged by the parties and, for purposes settlement, Class Counsel does not object to the accuracy of Defendants' Records.  The Individual Settlement Amount shall be calculated using the following four steps: (1) Defendants shall combine the individual amounts for each Class Member that are set forth in Defendants' Records to determine a combined total amount (the "Total Amount"); (2) Based on Defendants' Records, Defendants shall determine the percentage of the Total Amount to which each Class Member is potentially entitled based on his/her employment tenure with Defendants during the Recovery Period; (3) for each Qualified Class Member, the Class Fund shall be multiplied by his/her percentage of the Total Amount; and (4) Defendants will then subtract applicable payroll deductions from such amounts.  In no event shall each Qualified Class Member receive a minimum Individual Settlement Amount of less than $15.00, less applicable payroll deductions.  To the extent necessary, Class Counsel's attorney's fees and costs shall be reduced in order to ensure that each Qualified Class Member receives at least the minimum Individual Settlement Amount of $15.00, less applicable payroll deductions.

All distributions from the Settlement Amount representing wages to Qualified Class Members may be subject to tax withholding and/or reporting. To the extent possible, payment shall be paid in accordance with normal payroll practices and procedures, and shall reflect all applicable withholdings, including federal income withholding, and previously authorized deductions for those Qualified Class Members possessing a valid Social Security number and work authorization documents.

    b. *Attorneys' and Administrator Fees and Costs*

At the Fairness Hearing, Class Counsel will ask the Court for an attorneys' and administrator fees and costs award, including those as Class Administrator, of $21,566. The Court retains discretion to award this or another amount for attorneys' and administrator's fees and costs. The Class Fund equals at least $38,434. Defendants have agreed not to oppose Class Counsel's request for $21,566 of the Settlement Amount as attorneys' and administrator's fees and costs. Any and all awards of attorneys' and administrator's fees and costs awarded will be paid from the $64,000 settlement fund.

    c. *Relief to the Named Plaintiffs/Opt-In Plaintiff*

Class Counsel intends to seek incentive awards for the following Plaintiffs in exchange for their significant time contributions to this case: $1,000 each for Ms. Ganzero, Ms. Hemming, Ms. Johnson and Lee Ann Walton. Any and all incentive awards will be paid from the $64,000 Settlement Amount.

    d. *Legal Effects of Judgment*

If you become a Qualified Class Member, this settlement, when approved and entered as a final judgment by the Court, will bind you, your representatives, heirs, administrators, executors, beneficiaries, agents, attorneys, and assigns. The payment described above shall be in lieu of and discharge any obligations of Defendants arising during or relating to the Recovery Period, while employed by Defendants for unpaid wages, attorneys' and administrator fees, costs, injunctive or other remedial relief, or any other expectation of remuneration or benefit on the part of the class. The Qualified Class Members will not be permitted to commence or prosecute, either as a group or individually, any action on behalf of themselves or any other person asserting claims against Defendants for minimum wage and/or overtime compensation arising during or relating to the Recovery Period under federal or state law that were or could have been asserted in the Lawsuit.

Except for the rights and obligations created by the Agreement, the Named Plaintiffs and Qualified Class Members will release Defendants, their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting through, under or in concert with any of them, including any part that was or could have been named as a defendant in the lawsuit from any and all past and present matters, claims, demands, and causes of action

of any kind whatsoever, whether at common law, pursuant to state statute, ordinance, or regulation, in equity or otherwise which any class member has or might have, known or unknown, arising during or relating to the Recovery Period and growing out of or in connection in any matter with any facts, acts, transactions, occurrences, events, or omission that are based upon, arise out of, or in any way relate to their employment with Defendants as to the events underlying this Lawsuit, while employed by Defendants, including without limitation, claims for minimum wage and/or overtime compensation and deductions from wages and/or tips under state or federal law.

   e. *If Court Does Not Approve the Proposed Settlement*

If the settlement is not approved, the case will proceed as if no settlement has been attempted. In that event, Defendants retain the right to contest whether this case should be maintained as a class action and to contest the merits of the claims being asserted by the Plaintiffs in this action. There can be no assurance that if the settlement is not approved the class will recover more than is provided for in the settlement, or indeed, anything.

   **5. Fairness Hearing**

The Court has granted preliminary approval of the proposed settlement, concluding preliminarily that the settlement is fair, adequate, and reasonable; that the proposed distribution of the settlement is fair, adequate, and reasonable; and that the proposed incentive awards to the Named Plaintiffs are fair and reasonable.

A hearing will be held to determine whether final approval of the settlement should be granted. At the hearing, the Court will hear objections and arguments concerning the fairness of the proposed settlement. The hearing will take place before Judge Deborah A. Batts on_____, 2008 at the United States District Court for the Southern District of New York, 500 Pearl Street, Room_____, New York, NY 10007. **YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT.**

   **6. Participation in the Settlement – Your Options as a Class Member**

   a. *You shall be automatically included in the distribution of money from the Class Fund unless you affirmatively opt out of this settlement.*

You will be represented by Class Counsel and you may remain in the Class and participate in the settlement, if it is approved by the Court. In that event, you will share in the benefits of the settlement and any claims you may have against the Defendants will be released.

   b. *You have the right to exclude yourself, and only yourself, from both the class action and the settlement.*

If you wish to exclude yourself from the class action and the settlement, you must submit a request for exclusion called an "Opt Out Form" to Class Counsel at the address below. The Opt Out Form should state: "I WISH TO BE EXCLUDED FROM THE CLASS IN THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK CASE ENTITLED <u>LAURA GANZERO, RACHELLE HEMMING AND MARCIA JOHNSON ET AL. V. BENSUSAN RESTAURANT CORP. d/b/a BLUE NOTE JAZZ CLUB, STEVE BENSUSAN AND DANNY BENSUSAN</u>, 07 CIV 5940 (DAB). I UNDERSTAND THAT BY OPTING OUT OF THE SETTLEMENT CLASS I WILL NOT RECEIVE MONEY FROM THE SETTLEMENT." The Opt Out Form must be sent by registered mail, postmarked no later than [Insert Date that is 30 Days Following The Date This Notice is Mailed] and must include your full name and address. You must personally sign the Opt Out Form.

If you do not follow these instructions for excluding yourself from the class, you will be bound by the Court's final judgment, which will determine all of your legal rights in connection with the subject matter of this lawsuit, if the settlement is approved.

The Opt-Out Form should be sent to the Class Counsel at the address listed below:

| <u>Class Counsel</u> | <u>Defendants' Counsel</u> |
|---|---|
| Charles Joseph, Esq. | Jonathan Stoler, Esq. |
| Maimon Kirschenbaum, Esq. | Heller Ehrman LLP |
| Joseph & Herzfeld LLP | Times Square Tower |
| 757 Third Avenue, 25th Floor | 7 Times Square |
| New York, NY 10017 | New York, NY 10036 |
| Telephone: (212) 688-5640 | Telephone: (212) 832-8300 |
| Fax: (212) 688-2548 | Fax: (212) 763-7600 |

Eric Kingsley, Esq.
Kingsley and Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Telephone: (888) 500-8469
Fax: (818) 990-2903

c. *If you object to the settlement, but do not want to exclude yourself from the class action, you may submit an objection to the settlement*

If you object to the fairness, reasonableness, and adequacy of the proposed settlement, you may appear in person or by your own attorney, hired at your own expense, at the Fairness Hearing and present any evidence or argument that may be proper and relevant. However, you will not be heard at the Fairness Hearing unless you timely file: (1) an appearance; (2) a written statement of the objections to the settlement; and (3) the grounds for objections, along with any papers, briefs, pleadings or other documents for the Court's consideration, with the Clerk of Court, United States District

Court, Southern Division of New York, 500 Pearl Street, New York, NY 10007. If you object to the settlement, the foregoing items must be received by the Clerk of Court on or before [Insert Date that is 30 Days Following The Date This Notice is Mailed]. You must also serve copies of the notice and objection by registered mail on each of the attorneys for the Plaintiffs and for the Defendants by the same date, at the addresses listed above. Any objection filed with the Court must include, at a minimum, your name, address, the case name and number (<u>Laura Ganzero, Rachelle Hemming, Marcia Johnson et al. v. Bensusan Restaurant Corp. d/b/a Blue Note Jazz Club, Steve Bensusan and Danny Bensusan</u>, Index No. 07 CIV 5940 (DAB)), and a statement of the reasons why you believe the Court should find that the proposed settlement is not in the best interests of the Class. Please note that it is not sufficient to state simply that you object to the settlement. If you wish, you may hire your own attorney, at your own expense, to represent your interests in connection with the proposed settlement. If you wish to participate through your own attorney, an appearance must be filed with the Court no later than [Insert Date that is 30 Days Following The Date This Notice is Mailed].

**7. The Right to Examine Court Records**

The foregoing description of the case is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, including a copy of the settlement agreement, you should visit the Clerk of Court, United States District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007. The Clerk will make all files relating to this lawsuit available to you for inspection and copying at your own expense.

**8. Inquiries**

Any questions you or your attorney has concerning this Notice should be directed toward Maimon Kirschenbaum by phone at (212) 688-5640, in writing at the address listed above, or by email at maimon@jhllp.com. Please include the case name and number, your name, and your return address.

IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT CLASS COUNSEL AT THE ADDRESS LISTED ABOVE, OR COUNSEL OF YOUR OWN CHOOSING AND AT YOUR OWN EXPENSE. **PLEASE DO NOT CONTACT THE COURT OR THE CLERK OF COURT.** DEFENDANTS EMPHASIZE THAT THERE WILL BE NO RETALIATION AGAINST ANY CLASS MEMBER FOR REMAINING IN THE CLASS.

**Dated: _____, 2008**

**This Notice is sent to you by Order of the United States District Court for the Southern District of New York.**

**[TO BE PLACED ON CLASS COUNSEL'S LETTERHEAD]**

**EXHIBIT A**

Name
Address

_____, 2008 [Insert Date That The Attached Notice Is Mailed]

Re:   Notice of Class Action and Proposed Settlement

Dear _____:

As set forth in the attached Notice of Class Action and Proposed Settlement ("Notice"), the records of Bensusan Restaurant Corp. d/b/a Blue Note Jazz Club ("Blue Note") indicate that you were employed by Blue Note as a server, paid on an hourly basis, in New York City during the Class Period of June 22, 2001 through [Insert Date of Preliminary Approval].

In accordance with the preliminary calculations set forth in the attached Notice, your estimated award is _____.  Such amount will ultimately be determined following the Fairness Hearing on this matter.  Please contact the below Class Counsel and if you have any questions regarding the estimate.

Thank you for your attention to this matter.

Sincerely,

D. Maimon Kirschenbaum