UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                                        :
LAURA GANZERO, RACHELLE                                 :
HEMMING and MARCIA JOHNSON on                           :   Civil Action No.: 07 CIV 5940
behalf of herself and others similarly                  :   (DAB)
situated,                                               :
                                                        :
                        Plaintiff,                      :
                                                        :
    - against -                                         :
                                                        :
BENSUSAN RESTAURANT CORP.,                              :
d/b/a BLUE NOTE JAZZ CLUB, STEVE                        :
BENSUSAN, and DANNY BENSUSAN                            :
                                                        :
                        Defendants.                     :
                                                        :
-----------------------------------------------------------x

## MOTION FOR APPROVAL OF CLASS SETTLEMENT

**TO THE HONORABLE DISTRICT COURT:**

Pursuant to Rule 23(e) of the Federal Rule of Civil Procedure, Plaintiffs Rachelle Hemming, Marcia Johnson, and Laura Ganzero ("Plaintiffs") apply to this Court for preliminary approval of a proposed settlement in this wage and hour class action. Defendants' counsel have agreed to the terms of the settlement and do not object to relief requested herein.

### I.   INTRODUCTION

Plaintiffs submit this application for preliminary approval of a proposed settlement in this wage and hour class action brought on behalf of certain employees of Defendants. The settlement will resolve all claims before this Court.

The proposed compromise is set forth in a Settlement Agreement, dated March 11, 2008 ("Settlement Agreement"), attached as Exhibit A.

- 2 -

Plaintiffs ask this Court to enter the proposed Order, ("Order"): (1) granting preliminary approval of the proposed settlement; (2) certifying the proposed plaintiff class pursuant to Rules 23(b)(3) for purposes of the settlement; (3) appointing the undersigned as class counsel; (4) directing that the class be given notice of the pendency of this action and the settlement in the form and matter proposed by the parties (a copy of the proposed notice is attached as Exhibit B); and (5) scheduling a hearing at which the Court will consider the parties' motion for (i) final approval of the settlement, (ii) entry of their proposed final judgment, and (iii) approval of Plaintiffs' counsel's application for an award of attorneys' and administrator's fees and reimbursement of costs.

As set forth in the Proposed Order, Plaintiffs respectfully suggest that the Court order that the following actions occur on the dates specified in the proposed Order: (1) within fifteen (15) days after the Order is approved, notice be provided to Settlement Class Members by mail to the employees' addresses as they are maintained by the Defendants; (2) requests for exclusion from the settlement be postmarked on or before the date that is thirty (30) days following the mailing of Class notice; (3) objections to the settlement or the award of attorneys' and/or administrator's fee and reimbursement of expenses in favor of Plaintiffs' counsel be served on counsel and the Court on or before the date that is thirty (30) days following the mailing of Class notice; and (4) a Fairness Hearing be held at the Court's convenience, and on a date specified in the proposed Order.

### II.   BACKGROUND

**A.   The Litigation**

On June 22, 2007, Laura Ganzero, a former server at Defendants' restaurant, Blue Note, filed this class/collective action on behalf of himself and others similarly situated against Defendants in the United States District Court for the Southern District of New York, Civil Action No. 07 CV 5940 (GBD) (the "Litigation").  On July 10, 2007, Ms. Ganzero, together with the other "Plaintiffs," filed an Amended Complaint (the "Complaint") (Exhibit C).

The Plaintiffs bring this action pursuant to federal and state labor laws governing the payment of minimum and/or overtime wages to tipped employees and employers' retention of such employees' tips.  Such laws include the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"), New York Labor Law §§ 191, 193, 196-d,198-b, 650, *et. seq,* 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs. The lawsuit asserts six claims for relief: (1) failure to pay minimum wage and keep appropriate records under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b); (2) failure to pay overtime under the FLSA; (3) failure to pay minimum wage under the New York State Minimum Wage Act ("NYSMWA"); (4) failure to pay overtime under the NYSMWA; (5) illegal deductions from gratuities under the New York Labor Law; and (6) failure to pay New York's "spread of hours" premium, which consists of one hour's pay at New York's minimum wage for each day that an employee works in excess of ten (10) hours, as required by New York Labor Law and the New York Codes, Rules and Regulations.

The Complaint seeks Class relief, including, but not limited to, payment of the unpaid portion of minimum and overtime wages and the portions of their tips, gratuities and other compensation allegedly retained and/or deducted by Defendants. In addition, the Complaint seeks liquidated damages under the FLSA and interest and all costs and attorneys' fees incurred in the prosecution of this Litigation.

After fact gathering and briefing, analysis of relevant documents and wage records, and protracted negotiations, the parties have determined it to be in their mutual best interest to settle the Litigation by resolving this matter on behalf of the Class, as defined below. The parties seek the Court's approval of the Settlement Agreement and Release so as to effectuate the settlement and release of claims by Plaintiffs and the Class.

**B.   The Parties Have Fully Explored the Strengths and Weakness of Their Respective Positions**

Plaintiffs contend that Defendants failed to pay them the New York foodservice worker minimum wages for a significant time period[1] and that Defendants failed to pay them one and one half times their regular rates for hours worked in excess of forty per workweek, as required by the FLSA and New York law. Plaintiffs also contend that Defendants made illegal deductions from their pay to cover losses incurred by the Restaurant as a result of walk-outs (patrons that leave the restaurant without paying their bills), breakage of cutlery and/or goods, etc, see New York Lab. Law §§ 193 and 196-d, and that because of these deductions, Defendants were not entitled to pay Plaintiffs the lower minimum wages applicable to tipped employees. *See 29 U.S.C. §203(m)* (tip credit does not apply where employers retain portions of employees' tips). Plaintiffs contend Defendants are liable to Plaintiffs for an amount equal to the difference between Plaintiffs' actual wages and the

---

[1] In 2001-2004, the foodservice worker minimum wage was $3.30 per hour, 2005- $3.85 per hour, 2006- $4.35 per hour, and 2007- $4.60 per hour. 12 N.Y. Comp. Codes R. & Regs §137-1.5

minimum wages, plus the amount of tip money illegally retained by the Restaurant.  *See Ayres v. 127 Restaurant Corp.,* 12 F.Supp.2d 305, 307-308 (S.D.N.Y. 1998) (awarding the wage differential as damages where employer retained portions employees' tips). Finally, Plaintiffs contend that they were not paid New York's "spread of hours" premium for days in which employees worked in excess of ten (10) hours.  12 N.Y. Comp. Codes R. & Regs §137-3.11.

Defendants vigorously den all claims in Plaintiffs' Complaint.  Defendants claim that it was not Defendants' standard practice to charge servers for walk-outs and maintained that if the practice did in fact occur, it was highly out of the ordinary and against the Restaurant's policy.  Defendants also provided documentary evidence to the effect that for they did, in fact, pay the correct minimum wage for most of the period in question.

### III.    THE PROPOSED SETTLEMENT

#### A.    Settlement Class

The proposed settlement has been reached on behalf of the [proposed] "Class," defined in the Settlement Agreement as follows: **Class**; **Class Member. "**Class" shall mean the class of persons employed by Defendants as servers at any time between June 22, 2001 and the date of Preliminary Approval.  A Class Member is any member of the Class.

#### B.    Settlement Consideration

The proposed settlement provides that Defendants shall pay a total "Settlement Amount" of $64,000, which includes Plaintiffs' counsel's attorneys' fees and costs and expenses, which the parties have agreed shall be $21,566, subject to the Court's approval,

and Individual Incentive Awards to four plaintiffs totaling $4,000. The remaining amount (the "Class Fund") shall be distributed among Class Members that do not opt-out of the litigation ("Qualifying Class Members") on a pro-rata basis determined by analysis of Defendants records, which closely reflect what each Qualifying Class Member would be entitled to if she ultimately prevailed on her claims in this Lawsuit. Defendants will withhold relevant taxes from these payments. "The Individual Settlement Amount shall be calculated using the following four steps: (1) Defendants shall combine the individual amounts for each Class Member that are set forth in Defendants' Records to determine a combined total amount (the "Total Amount"); (2) Based on Defendants' Records, Defendants shall determine the percentage of the Total Amount to which each Class Member is potentially entitled; (3) for each Qualified Class Member, the Class Fund shall be multiplied by his/her percentage of the Total Amount; and (4) Defendants will then subtract applicable payroll deductions from such amounts. In no event shall each Qualified Class Member receive a minimum Individual Settlement Amount of less than $15.00, less applicable payroll deductions. To the extent necessary, Class Counsel's attorney's fees and costs shall be reduced in order to ensure that each Qualified Class Member receives at least the minimum Individual Settlement Amount of $15.00 less applicable payroll deductions." Agreement § 1.13.

### C. Release of Claims

In return for the above consideration, Settlement Class Members will release all "Released Claims" (as defined in the Settlement Agreement) against each and all of the Defendants and all related entities.

### IV.     PRELIMINARY SETTLEMENT APPROVAL

#### A.     The Role of the Court

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval for any compromise of claims brought on a class basis. Approval of a proposed settlement is a matter within the broad discretion of the district court. *See In re American Bank Note Holographics, Inc.,* 127 F.Supp.2d 418, at 429 (S.D.N.Y. 2001) ("Approval of the Settlement is within the Court's broad discretion.") *In re Michael Milken & Assoc. Sec. Litig.,* 150 F.R.D. 46, 53 (S.D.N.Y. 1997) ("The approval of the proposed settlement of a class action is a matter of discretion for the trial court.")(citations omitted).  "First, the court reviews the proposed terms of settlement and makes a preliminary determination of the fairness, reasonableness, and adequacy of the settlement terms." *In re Initial Pub. Offering Sec. Litig.,* 226 F.R.D. 186, 191 (S.D.N.Y 2005) (citation omitted).  "Where the proposed settlement appears to be the product of serious, informed, non-conclusive negotiations, has not obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted." *In re Nasdaq Market-Makers Antitrust Litigation,* 176 F.R.D. 99, 102 (S.D.N.Y. 1997).

"If the court preliminarily approves the settlement, it must direct the preparation of notice of the certification of the settlement class, the proposed settlement and the date of the final fairness hearing." *Initial Pub. Offering*, 226 F.R.D at 192. Class members may then present arguments and evidence for and against the terms of the settlement before the Court decides whether the settlement is fair, reasonable and adequate*. Id.* (citation omitted).

**B.     The Proposed Settlement Class May be Certified Under *Amchem***

Prior to granting preliminary approval of a settlement, district courts determine whether the proposed settlement class is a proper class for settlement purposes. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591-620 (1997). *See also Denney v. Jenkens & Gilchrist,* 230 F.R.D. 317, 347 (S.D.N.Y 2005). ("Courts have frequently certified settlement classes on a preliminary basis, at the same time as the preliminary approval of the fairness of the settlement, and solely for the purposes of settlement, deferring final certification of the class until after the fairness hearing.") The Court may certify a class where plaintiffs demonstrate that the proposed class and proposed class representatives meet the prerequisites in Rule 23(a) – numerosity, commonality, typicality and adequacy of representation – and one of the three requirements of Rule 23(b). Fed R. Civ. P. 23; *In re Visa Check/Mastermoney Antitrust Litig.,* 280 F.3d 124, 132-33 (2d Cir 2001).

To establish a class under Rule 23(b)(3), it must be shown that "questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

In certifying a settlement class, the Court is not required to determine whether the action, if tried, would present intractable management problems. *Amchem,* 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial") (citation omitted). Rather, the Court has great discretion in determining whether to certify a class. *See American Bank Note*

*Holographics, Inc.,* 127 F.Supp.2d at 429 ("All aspects of settlement approval …rest in the sound discretion of the district court.").

1. **Plaintiffs Have Met All Of The Prerequisites Under Rule 23(a).**

    Plaintiffs have satisfied the numerosity, commonality, typicality and adequacy of representation requirements under Rule 23(a).

    a. **Numerosity is Satisfied**

    The Class includes more than 50 members. Thus, the Class is so numerous that joinder of all Class members is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir. 1995) (holding that numerosity can be presumed at a level of 40 members).

    b. **Commonality is Satisfied**

    There are several questions of law and fact common to the Settlement Class. Among these questions are:

    > i. whether Defendants failed to pay class members minimum and/or overtime wages in violation of either the FLSA or the N.Y. Labor Law and/or the regulations promulgated thereunder, or both;
    >
    > ii. whether Defendants made illegal deductions from Class Members' wages and/or tips;
    >
    > iii. whether Defendants illegally retained significant portions of Class Members' tips;
    >
    > iv. whether Class Members were properly classified as "tipped employees" under the FLSA, and/or "food-service workers" under the New York Labor Law and relevant regulations;

      v. whether the Defendants acted willfully;

      vi. whether the Defendants are jointly and severally liable for all of the damages claimed hereunder including, but not limited to: liquidated and statutory damages, interests, costs and disbursements and attorneys' fee; and

      vii. whether the Defendants are liable to Plaintiffs for the damages claimed in the Lawsuit.

As Plaintiffs challenge common practices and procedures at Blue Note to which they allege all Class Members were subject, the commonality requirement is easily satisfied. *See Daniels v. City of New York,* 198 F.R.D. 409, 417 (S.D.N.Y. 2001) ("[t]he commonality requirement will be met if the Plaintiffs share a common question of law or fact with the grievances of the prospective class.")

### c. **Typicality is Satisfied**

Similarly, the typicality requirement is satisfied here, because Plaintiffs' claims arise from the same "course of events" as those of absent class members and rely on "similar legal arguments" to prove Defendants' liability. *See Robinson v. Metro North Commuter R.R.,* 267 F.3d 147, 155 (2d Cir. 2001).

### d. **Adequate Representation is Satisfied**

Finally, Plaintiffs are adequate representatives of the class, as they have fairly and adequately represented and protected the interests of all Settlement Class Members, they have no conflicts with any class members, and they have retained counsel who are qualified and experienced in class action and employment litigation. *See Baffa v. Donaldson, Lufkin & Jenrette Securities Corp.*, 222 F.3d 52, 60 (2d Cir. 2000)

("adequacy of representation entails inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation.") Class Counsel conducted a thorough pre-filing and continuing investigation, vigorously prosecuted the lawsuit, and negotiated a settlement that provides prompt and valuable relief to Class Members.

**2.     The Court Should Certify The Settlement Class Under Rule 23(b)(3)**

Certification is appropriate because, as set forth above, Plaintiffs have satisfied the predominance and superiority requirements under Rule 23(b)(3). Specifically, the questions of law and fact common to all Settlement Class Members are described above. These common questions predominate over any individual issues such as the nature and extent of damages. *See In re Visa Check/Mastermoney Antitrust Litig.,* 280 F.3d at 139 ("Common issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damage issues.")

Additionally, a class action is superior to other available methods for the fair and efficient adjudication of the controversy because joinder of all Settlement Class Members is impossible. Moreover, as the damages suffered by individual members of the Settlement Class are relatively small as compared to the expense and burden of individual litigation, it would be exceedingly difficult for all Settlement Class members to individually redress the harm done to them. *Ansoumana v. Gristede's Operating Corp.,* 201 F.R.D. 81, at 89 (S.D.N.Y. 2001) ("[t]he interest of the class as a whole to litigate the predominant common questions substantially outweighs any interest by individual members to bring and prosecute separate actions.")

In sum, the Settlement Class is suitable for certification, and the Court should certify the Settlement Class pursuant to Rule 23(b)(3), for purposes of granting preliminary approval to the settlement.

**3.      The Court Should Appoint Plaintiffs' Counsel As Class Counsel**

Under Rule 23, "a court that certifies a class must appoint class counsel … [who] must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(A), (B). In making this determination, the Court must consider counsel's: (1) work in identifying or investigating potential claims; (2) experience in handling class actions or other complex litigation and the types of claims asserted in the case; (3) knowledge of the applicable law; and (4) resources committed to representing the class. Fed. R. Civ. P. 23(g)(1)(C).

Maimon Kirschenbaum and Charles Joseph of Joseph & Herzfeld LLP, Eric Kingsley of Kingsley & Kingsley P.C., and their respective firms have served and currently serve as lead counsel on many local and national class and collective actions under the FLSA and state wage and hour laws. Plaintiffs' Counsel spent significant time investigating the Class' claims, and committed themselves to the expenditure of any resources necessary to achieve a favorable result for the Class. Therefore, the Court should appoint Plaintiffs' Counsel to serve as Class Counsel for the Settlement Class pursuant to Rule 23(g).

**C.      Criteria To Be Considered In Deciding Preliminary Approval**

After certifying the Settlement Class, the Court determines whether to preliminarily approve the settlement by making "a preliminary determination of the fairness, reasonableness, and adequacy of the settlement terms." *Manual for Complex*

*Litigation, Fourth,* § 21.633. The primary question raised by a request for preliminary approval is whether the proposed settlement is "within the range of reasonableness." *Id.* § 40.42.

"In considering preliminary approval, courts make a preliminary evaluation of the fairness of the settlement, prior to notice." *Nasdaq Market-Makers Antitrust Litigation,* 176 F.R.D. at 102. The purpose of the preliminary approval inquiry is "to determine whether the proposed settlement is within the range of possible approval." *In re Prudential Sec. Inc. Ltd. P'ships Litig.,* 163 F.R.D. 200, 209 (S.D.N.Y. 1995) (citation omitted).

It is the fairness hearing that affords class members "an opportunity to present their views of the proposed settlement". *Initial Public Offering,* 226 F.R.D. at 191. Accordingly, a district court reserves its ultimate determination of whether a proposed settlement is fair, reasonable, and adequate for the final approval stage, after notice of the settlement has been given to the class members and they have had an opportunity to voice their views of the settlement or to exclude themselves from the settlement. *Prudential*, 163 F.R.D. at 210 (noting that the court can better evaluate the fairness of the settlement "at the fairness hearing, where it can consider the submissions by proponents and potential opponents of the settlement and the reaction of the Class Members.")

"It is well established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions." *In re Prudential*, 163 F.R.D. at 209; *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,* 396 F.3d 96, 117 (2d Cir. 2005) ("The compromise of complex litigation is encouraged by the courts and favored by public policy") (quotation omitted); *In re Luxottica Group S.P.A. Sec. Litig.*, 233 F.R.D.

306, 310 (E.D.N.Y. 2006) ("Class action suits readily lend themselves to compromise because of the difficulties of proof, the uncertainties of the outcome, and the typical length of the litigation.")

"[S]ince the very purpose of a compromise is to avoid the trial of sharply disputed issues and to dispense with wasteful litigation, the court must not turn the settlement hearing into a trial or a rehearsal of the trial; and that the court is concerned with the likelihood of success or failure and ought, therefore, to avoid any actual determination on the merits") (quotations omitted). *Saylor v. Lindley,* 456 F.2d 896, 904 (2d Cir. 1972) Moreover, the opinion of experienced counsel supporting the settlement is entitled to considerable weight. *See In re Global Crossing Securities and ERISA Litigation,* 225 F.R.D. 436, 461 (S.D.N.Y. 2004) ("In addition to this presumption of fairness, great weight is accorded to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation.") (quotations omitted); *In re American Bank Note Holographics, Inc.,* 127 F.Supp.2d at 430 ("As with other aspects of settlement, the opinion of experienced and informed counsel is entitled to considerable weight.").

Here, experienced counsel, after substantial adversarial negotiations, have concluded that the proposed settlement – which includes, among other things, substantial monetary benefits to the class members – is in the best interest of the Class as a whole. As explained above, each Qualifying Class Member will receive a significant prorated sum per workweek that she worked for Defendants. The settlement merits preliminary approval and submission to the Settlement Class for its consideration.

**1.      There Are No Grounds to Doubt The Fairness Of The Settlement, Which Is The Product of Extensive, Arm's Length Negotiations**

The criteria of evaluating a request for preliminary approval have been summarized as follows:

> "If the preliminary evaluation of the proposed settlement does not grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement."

Prudential, 163 F.R.D. at 209 (quotation omitted). Under these criteria, the Court should grant preliminary approval of the proposed settlement and order the dissemination of notice.

The first consideration in the preliminary-approval analysis is whether "the settlement is the result of serious, informed and non-collusive negotiations." In re Medical X-Ray Film Antitrust Litig., Master File No CV 93-5904 (CPS), 1997 U.S. Dist. LEXIS 21936, at *19 (E.D.N.Y. Dec. 10, 1997). In applying this factor, courts give substantial weight to the experience of the attorneys who prosecute the case and negotiated the settlement at arms-length. *Initial Public Offering Securities Litigation*, 243 F.R.D. 79, at 83 (S.D.N.Y. 2007) ("A 'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.'") (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 116 (2d Cir.2005)).

The proposed settlement here is the product of extensive negotiations conducted in-person and telephonic sessions. Based on their familiarity with the factual and legal issues, the parties were able to negotiate a fair settlement, taking into account the costs and risks of continued litigation. The negotiations were at all times hard-fought and at

arm's length, and have produced a result that the Plaintiffs believe to be in the best interests of the Class. Finally, based on both parties' analysis, each Qualifying Class Member will receive close to 80% (*after* attorneys' fees) of what her recovery if she prevailed on all claims in this Lawsuit.

**2.     The Settlement Contains No Obvious Deficiencies**

The proposed settlement has no obvious deficiencies. The settlement provides incentive awards for certain Plaintiffs in this lawsuit that were instrumental in facilitating a resolution of this matter in an amount of $1,000 per Plaintiff.[2] These awards are reasonable in light of the overall benefit conferred on the Settlement Class. *See e.g. Spann v. AOL Time Warner, Inc.,* 02 Civ. 8238, 2005 WL 1330937, at *14 (S.D.N.Y. June 7, 2005) (granting incentive award of $10,000 per plaintiff on class action settlement); *McBean v. City of New York,* 228 F.R.D. 487 (S.D.N.Y. 2005) ($25,000); *Frank v. Eastman Kodak Co.,* 228 F.R.D. 174, at 187 (W.D.N.Y. 2005) (over $10,000).

Finally, the settlement does not mandate excessive compensation for Plaintiffs' counsel. Plaintiffs' counsel will apply for an award of attorneys' and administrations fees and reimbursement of expenses, equal to 33 1/3% of the settlement fund, an amount agreed to by Plaintiffs and those that have opted-in to date.

**3.     The Settlement Falls Within The Range Of Possible Approval**

As explained above, the proposed Settlement was reached only after protracted arm's-length negotiations between the parties and Plaintiffs' and Defendants' counsel who considered the advantages and disadvantages of continued litigation. Plaintiffs' Counsel believe this settlement achieves all of the objectives of the litigation, namely a monetary settlement to the employees of the Defendants for the Defendants' alleged

failure to pay them minimum wages and/or overtime wages. Plaintiffs' Counsel, with a great deal of experience in the prosecution and resolution of class actions and collective action litigation, has carefully evaluated the merits of this case and the proposed settlement. Even if the matter were to proceed to trial, Plaintiffs' Counsel acknowledges that the apparent strength of Plaintiffs' claims is no guarantee against a complete or partial defense verdict. Furthermore, even if a judgment were obtained against Defendants at trial, the relief might be no greater, and indeed might be less, than that provided by the proposed Settlement.

In light of the above considerations, the proposed settlement as a whole falls within the range of possible final approval. The Court should therefore grant preliminary approval of the settlement and direct that notice of it be given to the Settlement Class.

## V. THE PROPOSED PLAN OF CLASS NOTICE

"For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175-76 (1974) ("Accordingly, each class member who can be identified through reasonable effort must be notified that he may request exclusion from the action and thereby preserve his opportunity to press his claim separately or that he may remain in the class and perhaps participate in the management of the action.")

Rule 23(e)(B) similarly states, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Fed. R. Civ. P. 23(e)(B). "The standard for the adequacy of a

settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness." *Wal-Mart Stores*, 396 F.3d at 113 (citations omitted). "There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *Id.* At 114 (quoting *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982)). Notice is "adequate if it may be understood by the average class member." 4 Alba Conte & Herbert Newberg, Newberg on Class Actions § 11:53, at 167 (4th ed. 2002).

Here, the parties shall mail to all Class Members, based upon information about employees maintained by Defendants, the details of the Agreement.

The proposed methods of notice comport with Rule 23 and the requirements of due process. As for the content of the notice, Rule 23(c)(2)(B) says:

The notice [to a rule 23(b)(3) class] must concisely and clearly state in plain, easily understood language:

- the nature of the action,
- the definition of the class certified,
- the class claims, issues, or defenses,
- that a class member may enter an appearance through counsel if the member so desires,
- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and

- the binding effect of a class judgment on class members under Rule 23(c)(3).

Where notice is being sent in connection with a proposed settlement, "the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *Wal-Mart*, 396 F.3d at 114 (quoting *Weinberger*, 698 F.2d at 70).

The proposed Full Settlement Notice comports with the above-cited legal authorities in all respects. To that end, the proposed Full Settlement Notices: (1) describes the nature, history, and status of the litigation; (2) sets forth a clear definition of the proposed Settlement Class; (3) states the class claims and issues; (4) clearly provides that Settlement Class Members may enter an appearance through their own counsel; (5) discloses the right of the people who fall within the definition of the Settlement Class to exclude themselves from the Settlement, and specifies the deadline and procedure for doing so; (6) warns of the binding effects of the settlement approval proceedings on those persons who remain in the Settlement Class; and (7) advises the Class members the amount of their recovery. In addition, the Full Settlement Notice clearly describes the terms of settlement, and the relief available to Settlement Class Members.

The Full Settlement Notice also provides clear notice that the parties have agreed upon compensation for Plaintiffs' counsel, in the form of attorneys' and administration fees or reimbursable litigation expenses, and advises Settlement Class Members of the Parties' agreement that the award of attorneys' fees and reimbursable expenses to Plaintiffs' counsel will affect the benefits available to Settlement Class Members.

Finally, the Full Settlement Notice also provides contact information for Class Counsel; summarizes the reasons the parties are proposing the settlement; discloses the date, time and place of the formal Fairness Hearing; and describes the procedures for objecting on the settlement and appearing at the Fairness Hearing.

The Full Settlement Notice contents therefore satisfy all applicable requirements. Therefore, in granting preliminary settlement approval, the Court should also approve the parties' proposed form and method of giving notice to the Settlement Class.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that the Court grant preliminary approval of the proposed settlement and enter the proposed Preliminary Order in connection with Settlement Proceedings, submitted herewith.

Date:   New York, New York
        March 13, 2008

                                                            Respectfully submitted,

                                                            /s/ D. Maimon Kirschenbaum
                                                           D. Maimon Kirschenbaum (DK-2338)

                                                           Charles E. Joseph (CJ-9442)
                                                           JOSEPH & HERZFELD LLP
                                                           757 Third Avenue
                                                           25th Floor
                                                           New York, NY 10017
                                                           Tel: (212) 688-5640
                                                           Fax: (212) 688-2548
                                                           *Attorneys for Settlement Class*